<div style="text-align:right; color:red;">
FILED IN THE<br>
U.S. DISTRICT COURT<br>
EASTERN DISTRICT OF WASHINGTON<br>
<br>
**Feb 21, 2025**<br>
<br>
SEAN F. McAVOY, CLERK
</div>

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRINIDY L., | No. 2:24-CV-00183-ACE |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION |
| v. | |
| LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | ECF Nos. 10, 16 |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response.  ECF No. 10, 16.  Attorney Chad L. Hatfield represents Plaintiff; Special Assistant United States Attorney Michael James Mullen represents Defendant.  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion; **DENIES** Defendant's Motion; and **REMANDS** the matter to the Commissioner for an immediate calculation of benefits pursuant to 42 U.S.C. § 405(g).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek, Acting Commissioner of Social Security, is substituted as the named Defendant.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income in March 2018, alleging onset of disability on April 1, 2016. Tr. 267. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) R. J. Payne held a hearing on August 29, 2019, and issued an unfavorable decision on September 10, 2019. At the hearing, the alleged onset date was amended to March 13, 2018. The Appeals Council denied Plaintiff's request for review; however, on September 27, 2021, Chief United States District Court Judge Stanley A. Bastian remanded the case for additional proceedings. *See* 2:20-CV-00276-SAB (ECF No. 17). The matter was remanded, a new administrative hearing was held, and ALJ Marie Palachuk issued an unfavorable decision on December 14, 2022, Tr. 533-551. On April 7, 2023, Senior United States District Court Judge Wm. Fremming Nielsen granted the parties' stipulated motion and remanded the matter for additional proceedings. *See* 2:23-CV-00036-WFN (ECF No. 7). The case was subsequently remanded, another administrative hearing was held, and, on March 27, 2024, ALJ Marie Palachuk again issued an unfavorable decision. Tr. 1019-1041. Plaintiff filed the instant action for judicial review on May 29, 2024. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence "is such relevant evidence as a

ORDER GRANTING PLAINTIFF'S MOTION . . . - 2

reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

///

## ADMINISTRATIVE FINDINGS

On March 27, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 1019-1041.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date, March 13, 2018. Tr. 1022.

At step two, the ALJ determined Plaintiff had the following severe impairments: status post multiple gunshot wounds in 2011 with fractures of left humerus/left tibia/right femur with surgical repair; chronic pain left arm/bilateral lower extremities; depressive disorder; anxiety disorder; possible versus probable post-traumatic stress disorder; stimulant use disorder (methamphetamine); cannabis use disorder; opioid use disorder (Fentanyl); and alcohol use disorder. Tr. 1022-1023.

At step three, the ALJ found that including Plaintiff's substance use, the severity of Plaintiff's impairments met listings impairments. Tr. 1023-1025. However, if Plaintiff stopped the substance use, Plaintiff would not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 1025-1027.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found that if Plaintiff stopped the substance use, he could perform light work, with the following limitations:

> Standing and walking is limited to four hours per day, so he needs the ability to alternate sitting and standing to meet that accommodation. He can perform postural activities occasionally except no ladders, ropes, or scaffolds. He needs to avoid all exposure to hazards such as unprotected heights and dangerous moving machinery. He is able to understand, remember and carry out simple, routine tasks and can maintain concentration, persistence or pace for two-hour intervals between regularly scheduled breaks. He needs to work in a predictable environment but cannot perform assembly line pace or similarly fast paced work. He can have no public interaction and only superficial interaction with coworkers (defined as noncollaborative; no tandem

> tasks). He can work in small groups of coworkers (up to three for four). He can have no exposure to large crowds.

Tr. 1027.

At step four, the ALJ found that Plaintiff, if he stopped the substance use, was still not able to perform any past relevant work. Tr. 1039-1040.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of small products I assembler, small products II assembler, and production assembler if he stopped the substance use. Tr. 1040-1041.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date, March 13, 2018, through the date of the decision, March 27, 2024. Tr. 1041.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff asserts the ALJ erred (1) in improperly evaluating the medical opinion evidence and (2) in failing to meet her burden at step five. ECF No. 10 at 5.

**DISCUSSION**

**A.    Medical Opinions**

Plaintiff contends the ALJ erred by improperly evaluating the opinions of his medical providers. ECF No. 10 at 7. Defendant responds that although the ALJ erred in her evaluation with respect to two doctors, Drs. Genthe and Burdge, a remand for additional proceedings is warranted because there remain conflicts in the medical opinion evidence that only the ALJ can resolve. ECF No. 16 at 1-4.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

*1. Drs. Genthe and Burdge*

On May 4, 2018, examining psychologist Thomas Genthe, Ph.D., completed a psychological/psychiatric evaluation of Plaintiff and assessed marked limitations in Plaintiff's abilities to be aware of normal hazards and take appropriate precautions, maintain appropriate behavior in a work setting, and complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 505-506. Dr. Genthe additionally opined that Plaintiff's overall severity rating was marked and he was "unlikely to function adequately in a work setting until his psychological symptoms have been managed more effectively." Tr. 506. On May 14, 2018, reviewing psychologist Aaron Burdge, Ph.D., found that Dr. Genthe's assessed limitations were supported by the available medical evidence, noting that any substance use was non-contributory. Tr. 511.

The ALJ found Dr. Genthe "somewhat persuasive," but indicated his assessed "marked" limitations were not supported by the overall objective medical evidence, Tr. 1035, and found Dr. Burdge's opinion "not persuasive," Tr. 1036. Defendant concedes that the ALJ erred by failing to evaluate the consistency of the opinions of Drs. Genthe and Burdge. ECF No. 16 at 3.

While Defendant admits the ALJ erred with respect to the opinions of Drs. Genthe and Burdge, the undersigned finds an additional remand to address the consistency of their opinions is unnecessary. The record has been developed since these 2018 reports were generated and contains medical professional opinions that demonstrate, consistent with the findings of Drs. Genthe and Burdge, that Plaintiff has disabling limitations. *See infra*.

*2. Dr. Islam-Zwart*

On July 6, 2021, examining psychologist Kayleen Islam-Zwart, Ph.D., completed a psychological/psychiatric evaluation of Plaintiff and assessed marked limitations in the following basic work activities: (1) perform activities within a schedule, maintain regular attendance, and be punctual within customary

tolerances without special supervision; (2) communicate and perform effectively in a work setting; (3) maintain appropriate behavior in a work setting; and (4) complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 969. Dr. Islam-Zwart additionally opined that Plaintiff's overall severity rating was marked, Tr. 969-970, and that Plaintiff "appears unable to work at this time and his prognosis for the future seems guarded." Tr. 975.

The ALJ determined that Dr. Islam-Zwart's July 6, 2021 opinion was "not persuasive," because Plaintiff was not honest about his substance use, citing records showing substance use between November 2019 and August 2020 and a relapse one month **after** the evaluation (August 2021). Tr. 1036.

As asserted by Plaintiff, ECF No. 10 at 12, there is nothing in the record to suggest that Plaintiff was using substances from September 2020 through July 2021. Therefore, contrary to the ALJ's finding and generally consistent with Plaintiff's account to Dr. Islam-Zwart, Plaintiff had been abstinent for nearly one year at the time of Dr. Islam-Zwart's exam. Moreover, as argued by Plaintiff, ECF No. 10 at 13, a relapse one month after this exam does not change the fact that Plaintiff had been sober for almost one year at the time of Dr. Islam-Zwart's exam. Defendant's brief does not address Plaintiff's argument with respect to Dr. Islam-Zwart. *See Stichting Pensioenfonds ABP v. Country Financial Corp.*, 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011) (finding, in most circumstances, that the failure to respond in an opposition brief to an argument put forward in an opening brief constitutes a waiver or abandonment in regard to the uncontested issue). The ALJ's rejection of Dr. Islam-Zwart's assessed marked limitations on July 6, 2021, is not supported by substantial evidence.

   3. *Dr. Morrison*

On June 28, 2021, examining psychiatrist Erin Morrison, M.D., completed a mental evaluation of Plaintiff. Tr. 944-948. Dr. Morrison found Plaintiff was

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

moderately to severely limited in social interaction and in his ability to respond appropriately to supervision, coworkers and the public. Tr. 947. She opined it was "unlikely that he would be able to tolerate the stress and manage himself in a competitive work environment." Tr. 947.

The ALJ found Dr. Morrison "somewhat persuasive," but noted Plaintiff likely did not provide an accurate substance use history during this evaluation. Tr. 1037. The ALJ again cites to Plaintiff's August 2021 relapse which occurred more than a month **after** Dr. Morrison's evaluation. Tr. 1037. The ALJ also stated "Dr. Morrison's findings are not consistent with the overall objective medical evidence." Tr. 1037.

As discussed above with respect to Dr. Islam-Zwart's exam, there is no indication in the record that Plaintiff was using substances in June 2021, and Plaintiff's relapse after this examination does not have an effect on the persuasiveness of Dr. Morrison's evaluation. Furthermore, the ALJ's cursory statement that Dr. Morrison's findings were not consistent with the overall objective evidence based on a single instance of normal concentration, persistence, and pace is not sufficient to reject the totality of her opinion. Defendant's brief also fails to specifically address Plaintiff's argument as to Dr. Morrison. *See Stichting Pensioenfonds ABP*, 802 F.Supp.2d at 1132. The undersigned finds the ALJ's evaluation of Dr. Morrison's opinion is not supported by substantial evidence.

At this juncture, the Court notes the 2018 opinions of Drs. Genthe and Burdge, the July 6, 2021 examination findings of Dr. Islam-Zwart, and the June 28, 2021 opinion of Dr. Morrison, all consistent assessments which Defendant has failed to specifically contest in briefing, demonstrate that Plaintiff had disabling mental limitations during times of abstinence from substance use.

///

///

ORDER GRANTING PLAINTIFF'S MOTION . . . - 8

### 4. Dr. Andert

At the claimant's 2022 hearing, medical expert, Psychologist Jeffery Andert, Ph.D., testified that the record revealed that Plaintiff exhibited improvement in his symptoms during periods of abstinence, as documented at Exhibits 20F and 22F, which correspond to the opinions of Drs. Morrison and Islam-Zwart. Tr. 566, 569. Dr. Andert further testified that it was reasonable to find that Plaintiff, as a result of his depression and anxiety, would have difficulty with punctuality and attendance, "perhaps one or two times per month." Tr. 573.

Despite finding Dr. Andert's opinion "very persuasive," and citing the opinions of Drs. Morrison and Islam-Zwart for the assertion that the claimant improved with abstinence, the ALJ failed to include any absenteeism or tardiness findings in her RFC determination. Tr. 1027. Again, Defendant's brief fails to specifically address Plaintiff's argument as to Dr. Andert.

The undersigned finds the ALJ has harmfully erred by failing to account for Dr. Andert's testimony regarding Plaintiff's potential punctuality and attendance issues as well.

### 5. Mr. Agostinelli

On May 8, 2021, Ryan Agostinelli, PA-C, completed a physical evaluation of Plaintiff. Tr. 938-942. Mr. Agostinelli noted Plaintiff's physical functional limitations, Tr. 941, and opined "the extent of his physical injuries are great enough to warrant disability benefits, though he may have some capacity to work if seated and psychological concerns were absent," Tr. 942.

The ALJ determined that Mr. Agostinelli's May 2021 opinion was "not persuasive," because Mr. Agostinelli's opinion was not consistent with the overall medical record. Tr. 1033. Although Plaintiff argues, and Defendant fails to specifically contest, that the ALJ rationale for rejecting Mr. Agostinelli's report was deficient, the Court declines to address Mr. Agostinelli's medical opinion because Plaintiff's case is already being remanded for the errors discussed above.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 9

### B. Step Five

Plaintiff additionally challenges the ALJ's Step Five determination because the jobs identified by the vocational expert (small products I assembler, small products II assembler, and production assembler) require Level Two Reasoning and the ALJ's RFC determination limited Plaintiff to simple, routine tasks.

As the case is being remanded for an immediate calculation of benefits on other grounds, the Court declines to address this issue.

### CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and not free of harmful error. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the record is adequate for a proper determination to be made and further development is not necessary.

The Ninth Circuit has set forth a three part standard for determining when to credit improperly discounted evidence as true: (1) the record has been fully developed and further administrative proceedings would serve no purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence in question; and (3) if the improperly discredited evidence were credited as true the ALJ would be required to find Plaintiff eligible for benefits. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

In this case, all three parts of the standard are met. The record has been fully developed and further proceedings are not necessary. As discussed above, the ALJ failed to provide legally sufficient reasons to reject multiple medical source opinions. Therefore, the second prong of the credit-as-true rule is met. The third

prong of the credit-as-true rule is satisfied because if those medical opinions were credited as true, the ALJ would be required to find Plaintiff disabled.  Finally, the record as a whole does not leave serious doubt as to whether Plaintiff was disabled during the relevant time period.  *See Garrison*, 759 F.3d at 1021.  The record reflects that Plaintiff has disabling mental limitations even when abstinent from substance use.

Moreover, the credit-as-true rule is a "prophylactic measure" designed to motivate the Commissioner to ensure that the record will be carefully assessed and to justify "equitable concerns" about the length of time which has elapsed since a claimant has filed their application.  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (internal citations omitted).  Here, Plaintiff filed for benefits in 2018, an initial ALJ issued an unfavorable decision in 2019, and the case was remanded by Judge Bastian in 2021.  A new ALJ issued an unfavorable decision in 2022, but the matter was again remanded in 2023.  Finally, a third administrative hearing was held and another unfavorable decision was issued by the ALJ in 2024.  Despite three attempts, the ALJ's decisions continue to not be properly supported, causing significant delay.  Considering this delay and the harmful errors by the ALJ over multiple decisions, it is appropriate for this Court to apply the "credit as true" doctrine pursuant to Ninth Circuit precedent and remand this case for an award of benefits.

The Commissioner's final decision is **REVERSED** and this case is **REMANDED** for an immediate calculation of benefits.  Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse and remand for an immediate award of benefits, **ECF No. 10**, is **GRANTED**.

2. Defendant's motion to reverse and remand for additional proceedings, **ECF No. 16**, is **DENIED**.

///

3. The matter is **REMANDED** to the Commissioner for an immediate calculation of benefits.

4. An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED**. The District Court Executive shall file this Order and provide copies to counsel. **Judgment shall be entered for Plaintiff and the file shall be CLOSED**.

DATED February 21, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE